UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRUJILLO,<br><br>  Plaintiff,<br><br>  v.<br><br>MALWA FOOD MART INC; MANJIT SINGH dba US GAS AND FOOD; BALWINDER SINGH dba US GAS AND FOOD,<br><br>  Defendants. | Case No. 1:21-cv-01580-AWI-BAM<br><br>ORDER VACATING HEARING<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. 21)<br><br><br>**FOURTEEN (14) DAY DEADLINE** |

On March 30, 2022, Plaintiff Jose Trujillo ("Plaintiff") filed the instant motion for default judgment against Defendants Malwa Food Mart Inc., Manjit Singh dba US Gas and Food, and Balwinder Singh dba US Gas and Food. (collectively "Defendants"). (Doc. 21.) No opposition has been filed. The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and the hearing set for May 6, 2022, is HEREBY VACATED.

Having considered the moving papers and the record in this action, the Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED in part as herein

detailed.

## I. FACTUAL BACKGROUND

On October 25, 2021, Plaintiff filed this action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.*, California's Unruh Civil Rights Act, California Civil Code § 51, and the California Health and Safety Code, alleging violations at the US Gas and Food, located at 1930 West Clinton Ave., Fresno, California 93724 (the "Facility"), which is owned, operated and/or leased by Defendants. (Doc. 1, Compl.)

Plaintiff alleges that he is substantially limited in his ability to walk, uses a wheelchair or cane for mobility, and is physically disabled under state and federal law. (*Id.* at ¶ 8.) Plaintiff asserts that the Facility at issue presents barriers that interfered with, if not outright denied, his ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. (*Id.* at ¶10.) Plaintiff's complaint seeks damages, attorneys' fees and costs, and injunctive relief. (*Id.* at p. 9.)

Plaintiff served Defendant Manjit Singh with the summons and complaint on November 8, 2021, by substituted service on Sunny Doe. (Doc. 4.) Plaintiff served Balwinder Singh with the summons and complaint on November 7, 2021, by substituted service on Harpinder Doe. (doc. 5.) On November 18, 20921, Malwa Food Mart Inc. was served with the summons and complaint on its Agent Jagtar Singh Sarai by substituted service on Jane Doe. (Doc. 9.) The Clerk of the Court entered default against Defendants Manjit Singh and Balwinder Singh on December 27, 2021. (Docs. 7, 8.)

On January 25, 2022, the Court granted Plaintiff's request for administrative relief from the service deadline and directed service on Defendants Malwa Food Mart Inc., Manjit Singh dba US Gas and Food, and Balwinder Singh dba US Gas and Food by no later than March 25, 2022. (Doc. 13.)

Plaintiff personally served Defendant Manjit Singh with the summons and complaint on February 2, 2022. (Doc. 14.) Plaintiff served Malwa Food Mart Inc. with the summons and complaint by personal service on Jagtar Singh Sarai, agent for service of process, on February 4, 2022. (Docs. 15., 21-3 at 21.) The Clerk of the Court entered default against Defendants Malwa

2

Food Mart Inc. and Manjit Singh on February 28, 2022.  (Doc. 17.)

On March 30, 2022, the Court held a Status Conference in this action.  At the time, Plaintiff's counsel reported that efforts at attempted re-service of Defendant Balwinder Singh were unsuccessful and further service would not be attempted.  (Doc. 20.)

Plaintiff filed the instant motion against Defendants on March 30, 2022, seeking default judgment in the total sum of $8,909.22 for statutory damages and attorneys' fees and costs, along with injunctive relief.  (Doc. 21-1.)  Plaintiff served Defendants Malwa Food Mart Inc. and Manjit Singh with a copy of the motion by mail.[1]  (Doc. 21-7 at 2.)  No opposition was filed.  See Local Rule 230(c) ("Opposition, if any, to the grating of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed.").

## II.     LEGAL STANDARD FOR DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for a default judgment against a defendant that has failed to plead or otherwise defend against the action.  Fed. R. Civ. P. 55(b)(2).  "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002).

///

---

[1] The Court notes Plaintiff did not serve Defendant Balwinder Singh with a copy of the motion for default judgment.  However, service of the motion is not required on a party who is in default for failing to appear. Fed. R. Civ. P. 5(a)(2).  Defendant Balwinder Singh was served with Plaintiff's request for entry of default.  (Doc. 6-2.)

**III.  DISCUSSION**

**A.  Service of Process**

In deciding whether to grant or deny a default judgment, a court should assess the adequacy of the service of process on the party against whom default is requested. *See, e.g., Trujillo v. Harsarb, Inc.*, No. 1:21-cv-00342-NONE-SAB, 2021 WL 3783388 at *4 (E.D. Cal. Aug. 26, 2021) ("As a general rule, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment."); *Coach, Inc. v. Diva Shoes & Accessories*, No. 10-5151 SC, 2011 WL 1483436 at *2 (N.D. Cal. Apr. 19, 2011); *Katzakian v. Check Resolution Service, Inc.*, No. 1:10-cv-00716 AWI GSA, 2010 WL 5200912 at *2 (E.D. Cal. Dec. 15, 2010).

<u>Individual Defendants</u>

Federal Rule of Civil Procedure 4 sets forth the requirements for serving an individual within a judicial district of the United States. An individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). According to the proofs of service on file, Defendant Manjit Singh was personally served with the summons and complaint. (Doc. 14.) Defendant Balwinder Singh was served by leaving a copy of the summons and complaint at his residence address, 7367 E. Princeton Ave, Fresno CA 93737, with co-occupant Harpinder Doe (described as 45 years of age). (Doc. 5 at 3.)

///

///

Further, California law permits substituted service on an individual if a copy of the summons and complaint with reasonable diligence cannot be personally delivered by:

> leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, . . . in the presence of a competent member of the household . . . , at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Code Civ. P. § 415.20(b).  According to the proof on file, service was attempted at Defendant Balwinder Singh's residence address on three separate occasions before substituted service was completed on co-occupant Harpinder Doe.  (Docs. 5 at 3; 21-2, Declaration of Tanya E. Moore ("Moore Decl.") at ¶ 19 ("I identified the residential addresses of defendants Manjit Singh and Balwinder Singh, where they were served with the summons and complaint, by reviewing information obtained from the Lexis Nexis public records database.").)  The summons and complaint were subsequently mailed to Defendant Balwinder Singh at the same address. (Doc. 5 at 2.)

The Court therefore finds that Plaintiff properly served Defendants Manjit Singh and Balwinder Singh pursuant to Federal Rule of Civil Procedure 4(e).

Entity Defendant

Rule 4 also sets forth the requirements for serving a corporation, partnership, or association within a judicial district of the United States.  Pursuant to Rule 4(h), a domestic corporation, or a partnership or other unincorporated association that is subject to suit under a common name, may be served by following state law for service of a summons on an individual or by delivering a copy of the summons and complaint to an officer or agent and by a mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1).  Under California law, a summons may be served by personal service "to the person designated as agent for service of process as provided by ... the Corporations Code." Cal. Code Civ. Proc. § 416.10(a).

According to the California Secretary of State, Malwa Food Mart Inc. designated Jagtar Singh Sarai, 6595 W. Morris Avenue, Fresno, CA 93723, as its registered agent for service of process.  (*See* Doc. 21-3, Ex. F to Declaration of Tanya E. Moore ("Moore Decl.").)  On

February 4, 2022, a copy of the summons, complaint and related case documents were served on Malwa Food Mart Inc. by personally serving its registered agent, Jagtar Singh Sarai, at 6595 W. Morris Ave., Fresno, CA 93723. (Doc. 15.) The Court therefore finds that Plaintiff properly served Defendant Malwa Food Mart Inc. pursuant to Rule 4(h). *See Fudy Printing Co. v. Aliphcom, Inc.,* No. 17-CV-03863-JSC, 2019 WL 2180221, at *2 (N.D. Cal. Mar. 7, 2019), report and recommendation adopted, No. 17-CV-03863-VC, 2019 WL 2180213 (N.D. Cal. Apr. 3, 2019) (finding preliminary requirement of service of process satisfied where plaintiff served summons and complaint on incorporated entity by personally serving its registered agent for service of process).

**B. The *Eitel* Factors Weigh in Favor of Default Judgment**

1. Possibility of Prejudice to Plaintiff

The first factor considers whether a plaintiff would suffer prejudice if default judgment is not entered. *See PepsiCo, Inc.,* 238 F.Supp.2d at 1177. Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover against that defendant. *Id.; Moroccanoil, Inc. v. Allstate Beauty Prods*., 847 F.Supp.2d 1197, 1200-01 (C.D. Cal. 2012). Here, the Court finds Plaintiff would be prejudiced if default judgment were not granted. This factor weighs in favor of default judgment.

2. Merits of Plaintiff's Claims and Sufficiency of the Complaint

The second and third *Eitel* factors, taken together, "require that [the] plaintiff[s] state a claim on which [they] may recover." *PepsiCo, Inc.,* 238 F. Supp. 2d at 1175. Notably a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh,* 503 F.3d 847, 854 (9th Cir. 2007).

In the motion for default judgment, Plaintiff appears to have abandoned his California Health and Safety Code claim. (*See generally* Doc. 21-1.) The Court therefore limits its discussion to Plaintiff's claims arising under the ADA and California Unruh Act.

a. ADA

"An ADA plaintiff suffers a legally cognizable injury under the ADA if he is 'discriminated against on the basis of disability in the full and equal enjoyment of the goods,

6

services, [or] facilities ... of any place of public accommodation.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 952 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)). As relevant here, discrimination is defined as "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). "To succeed on a ADA claim of discrimination on account of one's disability due to an *architectural barrier*, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Restaurant*, 96 F.Supp.2d 1065, 1085 (D. Hawai'i 2000) (emphasis in original).

A private party is only entitled to injunctive relief under Title III of the ADA, however, the ADA gives the court discretion to award attorney fees to the prevailing party. *Molski*, 481 F.3d at 730.

Plaintiff alleges that he is substantially limited in his ability to walk and uses a wheelchair, or cane for mobility and that he therefore is disabled as defined by applicable law. Plaintiff also alleges that the Facility is a public accommodation and open to the public. (Compl. at ¶¶ 8, 9.) Plaintiff further alleges that Defendants own, operate and/or lease the Facility and the architectural barriers identified are easily removed without much difficulty or expense. (*Id.* at ¶¶ 7, 21.)

Specifically, Plaintiff contends that he lives within approximately forty-five miles of the Facility and visited the Facility on June 28, 2021, to purchase fuel for his vehicle. (*Id.* at ¶ 10). Plaintiff asserts that on the date of his visit he could not locate an accessible fuel pump at the Facility. He parked at a pump that had an International Symbol of Accessibility sticker on what appeared to be a button. He pressed the button for assistance and waited, but no one came outside.

He also honked to get the attention of the employees inside the store, but no one came out to assist him, so finally he was forced to fuel the vehicle himself.  Plaintiff also observed that there were obstacles blocking the route of travel to the entrance, including a pole and sign in the middle of the primary entrance ramp.  A second walkway had a ramp, but the walkway between the ramp and the store entrance was obstructed by water and propane storage.  He also had to compete with passing vehicular traffic to cross the parking lot with his cane.  Additionally, the facility entrance door was difficult to open because it did not have a level exterior landing and the door was too heavy.  Inside the store, the main transaction counter was too high, which made it hard for Plaintiff to use.  Although he needed to use the restroom, he decided not to because the path of travel to the restroom appeared cracked and uneven and the restroom door had a padlock.  (*Id.*) Plaintiff asserts that he was denied full and equal enjoyment and use of the goods, services, facilities, privileges and accommodations of the Facility. (*Id.* at ¶ 18.)

These allegations are taken as true due to Defendants' default, and Plaintiff has met his burden of stating a *prima facie* claim for discrimination under Title III.  Plaintiff is thereby entitled to injunctive relief for the violations of the ADA.

### b. Unruh Act

Plaintiff also brings a state law claim for violation of the Unruh Act.  A violation of the ADA also violates the Unruh Act. Cal. Civ. Code § 51(f). The Unruh Act provides for statutory damages of no less than $4,000 for each and every offense, as well as attorney's fees. Cal. Civ. Code § 52(a). A litigant need not prove any actual damages to recover statutory damages of $4,000. *Molski*, 481 F.3d at 731.

As Plaintiff's claims state a cause of action entitling him to relief under the ADA, Plaintiff's allegations also state a claim entitling him to relief under the Unruh Act.

For the reasons set forth above, the Court finds that the second and third *Eitel* factors weigh in favor of default judgment.

### 3. The Sum of Money at Stake in the Action

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.,* 238 F Supp.2d at

8

1176; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.,* 219 F.R.D. 494, 500 (C.D. Cal. 2003).

Here, Plaintiff seeks a single statutory minimum penalty assessment of $4,000.00 pursuant to the Unruh Act, along with actual attorneys' fees and costs incurred in the amount of $4,909.22. The amount of money at stake, totaling $8,909.22, is relatively small and it does not seem unreasonable in light of the allegations contained in the complaint. Accordingly, this factor does not weigh against entry of default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

Following the Clerk's entry of default, the Court may assume the truth of well-pled facts in the complaint and, thus, there is no likelihood that any genuine issue of material fact exists. Further, Defendants' failure to file an answer in this case, response to the request for entry of default or a response to the instant motion supports the conclusion that the possibility of a dispute as to material facts is minimal. *See, e.g., Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). This factor therefore weighs in favor of default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers the possibility that Defendants' default resulted from excusable neglect. *PepsiCo, Inc.,* 238 F.Supp.2d at 1177. Courts have found that where a defendant was "properly served with the complaint, the notice of entry of default, as well as the paper in support of the [default judgment] motion," there is no evidence of excusable neglect. *Shanghai Automation Instrument Co. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001).

Upon review of the record, the Court finds that the default was not the result of excusable neglect. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Defendants Manjit Singh and Malwa Food Mart Inc. were properly served with the complaint, request for entry of default and the motion for default judgment, which included notification of the Clerk's entry of default. Defendant Balwinder Singh was properly served with the complaint and request for entry of default judgment. Despite service, Defendants have not appeared in this action. Thus, the record

suggests that Defendants have chosen not to participate in this action, and not that the default resulted from any excusable neglect. Accordingly, this factor weighs in favor of the entry of a default judgment.

### 6. The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.,* 238 F.Supp.2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.,* 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Although the Court is cognizant of the policy favoring decisions on the merits, that policy is unavailable here because Defendants have not responded. Accordingly, the Court finds that this factor does not weigh against entry of default judgment.

## C. Damages

### 1. Injunctive Relief

Plaintiff seeks injunctive relief under the ADA for violations alleged in the complaint. In particular, Plaintiff seeks an injunction requiring removal of all architectural barriers to Plaintiff's access to the facility. 42 U.S.C. § 12188 provides that "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required" the ADA. 42 U.S.C. § 12188(a)(2). Pursuant to federal and state law, Plaintiff is entitled to the removal of those architectural barriers which he encountered on his visit to the facility that violated the ADA. Therefore, an injunction should issue requiring Defendants to provide an accessible fuel pump, an accessible route from the fuel pumps to the Facility entrance, level exterior maneuvering clearances at the Facility entrance, an accessible portion of the transaction counter, an accessible route of travel to the restroom, and accessible door hardware at the Facility entrance.

### 2. Statutory Damages

Plaintiff seeks statutory damages in the amount of $4,000.00 as authorized by California law. The Unruh Act provides for minimum statutory damages of $4,000 for each violation. Cal.

Civ. Code § 52(a); *Grove v. De La Cruz*, 407 F.Supp.2d 1126, 1133 (C.D. Cal. 2005). Since a violation of the ADA establishes a violation of the Unruh Act, Plaintiff is entitled to statutory damages of $4,000.00.

### 3. Attorneys' Fees and Costs

Plaintiff also seeks an award of attorneys' fees and costs. Both the ADA and Unruh Act authorize the award of attorney's fees and costs for an action. *See* 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Attorney fee awards are calculated using the lodestar method, which multiplies the numbers of hours reasonably spent on the matter with a reasonable hourly rate. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018). The district court has the discretion to make adjustments to the number of hours claimed or to the lodestar, but is required to provide a clear but concise reason for the fee award. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

Here, Plaintiff's counsel seeks an award of $3,942.50 in attorney fees, plus $966.72 in litigation costs. (Docs. 21-1 at 9; Doc.21-3, Exs. A-D to Moore Decl.) Specifically, Plaintiff requests: (1) $2,850.00 for 9.5 hours of work expended by attorney Tanya E. Moore at an hourly rate of $300; (2) $540.50 for 4.7 hours of work expended by paralegal Whitney Law at an hourly rate of $115.00; and (3) $552.00 for 4.8 hours of work expended by paralegal Isaac Medrano at an hourly rate of $115.00. (Doc. 21-1 at 9.)

### Hourly Rates

As indicated, Plaintiff requests an hourly rate of $300.00 for work by attorney Tanya Moore and $115.00 for work by paralegals Whitney Law and Isaac Medrano. (Doc. 21-1 at 9.) Courts in this district have found these rates reasonable for the services of attorney Moore and for the services of her paralegals. *See Trujillo v. Singh,* Case No. 1:16-cv-01640 LJO-EPG*,* 2017 WL 1831941, at *3 (E.D. Cal. May 8, 2017)*; accord e.g., Trujillo v. GH Food Mart, Inc.*, No. 1:20-cv-00368-AWI-SKO, 2020 WL 4697139, at *7 (E.D. Cal. Aug. 13, 2020); *Trujillo v. La Valley Foods, Inc.*, No. 1:16-cv-01402-AWI-BAM, 2017 WL 2992453, at *5 (E.D. Cal. Jul. 14, 2017)*; Trujillo v. Lakhani*, No. 1:17-cv-00056-LJO-SAB, 2017 WL 1831942, at *7 (E.D. Cal. May 8, 2017). The Court therefore finds the requested hourly rates to be reasonable for Ms.

11

Moore and her paralegals.

<u>Attorney Time Expended by Ms. Moore</u>

Plaintiff seeks recovery for 9.5 hours of work performed by Ms. Moore at $300.00 per hour. (Doc. 21-1 at 9.)  When considering the billing entries and time records submitted by Plaintiff's counsel, the Court finds that the 9.5 hours billed by Ms. Moore is reasonable.  The Court will recommend awarding Ms. Moore $2,850.00 for 9.5 hours of work to litigate this case.

<u>Paralegal Time Expended by Ms. Law and Mr. Medrano</u>

Plaintiff seeks compensation for 4.7 hours expended by paralegal Whitney Law at $115.00 per hour, and 4.8 hours expended by paralegal Isaac Medrano at $115.00 per hour. (Doc. 21-1 at 9.)  For the reasons below, the Court must reduce the number of hours expended by Ms. Law on the Motion for Default Judgment. According to billing records, Ms. Law billed 1.9 total hours preparing the motion for default judgment and supporting documents.  (Doc. 21-3; Ex. A. to Moore Decl.)  However, the motion for default judgment filed in this case is nearly identical to motions for default judgment filed by Ms. Moore in other actions before this Court.  Accordingly, the Court finds that one hour of Whitney Law's time is sufficient to prepare the motion. *Trujillo v. La Valley Foods, Inc.*, 2017 WL 2992453 at *7. The Court will therefore deduct .9 hours from Ms. Law's time.

Further, a review of the billing records of Mr. Medrano reveals that several of the tasks he provided in this action were clerical in nature. In billing for legal services, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989).  Specifically, Mr. Medrano billed .30 on November 1, 2021, to review the order setting scheduling conference, calendaring the hearing date, setting the deadline for Rule 26 meet and confer, and setting the deadline to file a joint scheduling report, billed .10 on December 13, 2021, to review the proof of service for Balwinder Singh and updated address for service via CCDA portal, and billed .10 on January 27, 2022 to review the proof of service for Malwa Food Mart Inc. and updated address for service on CCDA portal.  (Doc. 21-3, Ex. A to Moore Decl..)  The Court finds that these billable entries generally describe clerical tasks and should not be reimbursed at a paralegal rate.  The Court will

deduct .50 hours from Mr. Medrano's time.

Based on the above, the Court will recommend Plaintiff be awarded 8.1 hours of paralegal time comprised of 3.8 hours for Ms. Law ($115.00 hourly rate) and 4.3 hours for Mr. Medrano ($115.00 hourly rate) for a total of $931.50.

### 4. Litigation Expenses and Costs

Plaintiff requests recovery of litigation expenses and costs of $966.72. (Doc. 21-1 at 9; citing Doc. 21-3, Exs. B and C to Moore Decl.) Under the ADA, a district court, in its discretion, can allow the prevailing party other than the United States to recover a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C. § 12205. The costs here include the court filing fee and costs of service which are compensable.[2] *See Trujillo v. La Valley Foods, Inc.*, 2017 WL 2992453, at *7 (finding costs for court filing fee, costs of service, and fee for a pre-filing site inspection of the facility compensable). Accordingly, the Court recommends that plaintiff be awarded the sum of $966.72 for litigation expenses and costs.

**V.    CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS as follows:

1.    Plaintiff's motion for default judgment be GRANTED IN PART;

2.    Defendants be found and declared to be in violation of Title III of the Americans with Disabilities Act and the California Unruh Civil Rights Act;

3.     Defendants be ordered to make the following modifications to the facility known as US Gas and Food, located at 1930 West Clinton Ave., Fresno, California 93724, such that each item is brought into compliance with the accessibility requirements of the Americans with Disabilities Act and California Code of Regulations, Title 24, as follows:

a)    Provide a properly configured and identified accessible fuel pump;

b)    Provide a properly configured accessible route from the fuel pumps to the Facility entrance;

c)    Provide proper level exterior maneuvering clearances at the Facility entrance;

---

[2] Plaintiff also included an invoice for pre-filing investigation fees, but did not include the amount in the request for default judgment. (*See* Doc. 21-3, Ex. D to Moore Decl.)

13

   d)  Provide a properly configured accessible portion of the transaction counter;

   e)  Provide a properly configured accessible route of travel to the restroom; and

   f)  Provide properly configured accessible door hardware at the Facility entrance.

  4.  Judgment be entered in Plaintiff's favor and against Defendants in the amount of $8,748.22, consisting of:

   a.  Plaintiff be awarded statutory damages under the Unruh Act in the amount of $4,000.00;

   b.  Plaintiff be awarded attorney's fees and costs in the amount of $4,748.22 (attorney's fees in the amount of 2,850.00 (9.5 hours at $300 per hour), paralegal fees in the amount of $931.50. (8.1 hours at $115.00 per hour), and costs of suit in the amount of $966.72); and

  5.  Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations to each of the defendants at that defendant's last known address.

  These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

 Dated: **April 25, 2022**       /s/ *Barbara A. McAuliffe*
                 UNITED STATES MAGISTRATE JUDGE